UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| TAIMED BIOLOGICS, INC., | No. C 10-03260 LB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| v. | |
| NUMODA CORP., | [ECF No. 41] |
| Defendant. | |

## I. INTRODUCTION

Plaintiff TaiMed Biolgics, Inc. filed a motion seeking leave to file a second amended complaint to add newly discovered facts and a new cause of action that arose out of events that occurred subsequent to the filing of the first amended complaint. ECF No. 43.[1] Defendant Numoda Corporation opposes the motion. ECF No. 45. Because good cause exists to permit the filing of the second amended complaint, and Numoda fails to demonstrate prejudice or other reasons to prohibit the filing of a second amended complaint, the court grants TaiMed's motion for leave to file a second amended complaint.

## II. FACTS

On June 10, 2010, TaiMed filed a complaint against Numoda in San Francisco Superior Court,

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

1  alleging breach of contract. Complaint, Exh. A, ECF No. 1. On July 23, 2010, Numoda removed
2  the case to this court. Notice of Removal, ECF No. 1. TaiMed filed a first amended complaint on
3  August 23, 2010, alleging eight causes of action for breaches of contract, intentional
4  misrepresentation, negligent misrepresentation, intentional nondisclosure, and declaratory relief.
5  ECF No. 9. Numoda filed an answer and a counterclaim on September 9, 2010. ECF No. 10.
6  Numoda filed a first amended counterclaim on September 16, 2010, and TaiMed answered on
7  October 4, 2010. ECF Nos. 11 and 13. Parties have begun document and deposition discovery.
8  Joint Case Management Statement, ECF No. 44 at 2.

9  TaiMed now seeks to file a second amended complaint. ECF No. 43. A redlined copy is filed at
10 ECF No. 42-2. Some new facts have been added that were identified during discovery and
11 TaiMed's own investigation. ECF No. 43 at 2; ECF No. 42-2. TaiMed also added a new cause of
12 action – attempted extortion. *Id.* TaiMed claims that Numoda CEO Mary Schaheen threatened
13 TaiMed CEO James Chang following a settlement conference on January 31, 2011. *Id.* at 18, ¶¶ 70-
14 72. During this conversation, Schaheen allegedly said the following: (A) Numoda's employees were
15 "very angry," and that Schaheen "could not control them" or control "what they might do"; (B)
16 Numoda's employees may go to the United States Food and Drug Administration ("FDA") and state
17 falsely that TaiMed's employees had "deceived the FDA;" (C) Numoda's "angry employees" may
18 start a "smear" campaign against TaiMed, and (D) because TaiMed was a publicly-traded company,
19 Numoda's "smears" would be of interest to the press and to TaiMed's shareholders, and TaiMed
20 would not be able to correct any statements before "damage was done" to TaiMed. *Id.* at 18, ¶ 72.
21 Chang understood and took these statements to be threats. Schaheen also allegedly brought up an
22 amount of $1.2 million that Numoda alleges was owed by TaiMed. *Id.* at 18, ¶ 74. Chang
23 understood Schaheen was threatening that if TaiMed did not pay Numoda a substantial amount of
24 money to settle the case, Numoda would carry out some or all of the threats. *Id.*

25                          **III. LEGAL STANDARDS**

26 Under Rule 15, after a responsive pleading is filed, "a party may amend its pleading only with
27 the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should
28 freely give leave when justice so requires." *Id.* This leave policy is applied with "extreme

liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). A court considers five factors to determine whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff previously amended his complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Delay alone is insufficient to justify denial of leave to amend. *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997). Of the factors, prejudice to the opposing party is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *See Eminence Capital*, 316 F.3d at 1052. Absent prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) favoring granting leave to amend. *See id.* The party opposing a motion to amend bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Nevertheless, motions to amend the pleadings filed after the date set in the court's scheduling order must satisfy the more stringent "good cause" showing required under Rule 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609.

In this case, TaiMed filed its motion on April 7, 2011, after the January 19, 2011 deadline set in the court's scheduling order. ECF No. 29. Thus, the court examines the motion through the lens of the "good cause" standard and then turns to the Rule 15 analysis.[2]

## III. DISCUSSION

**A. Diligence of TaiMed**

On March 8, 2011, TaiMed filed a supplement to the joint conference statement in which TaiMed alerted the court of its intention to file a motion for leave to file a second amended

---

[2] The Ninth Circuit has not addressed specifically whether a party seeking to file a supplemental complaint under Rule 15(d) – as TaiMed asserts here – must meet Rule 16(b)'s good cause standard to modify the scheduling order where the motion to supplement is filed after the deadline for amending the complaint, and the district courts that have addressed the question are split. *See Global Bldg. Systems v. Brandes,* No. CV-07-1065-PHX-DGC, 2008 WL 477876, at *2 (D.Ariz. Feb. 19, 2008) (collecting cases).

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT
C 10-03260 LB                                3

complaint that asserted a new cause of action following alleged events on January 31, 2011. ECF No. 39 at 2. TaiMed asserted that it contacted Numoda on February 14, 2011 about the incident. *Id.* TaiMed claims that Numoda's counsel stated on February 14 that they would respond but, as of March 18, 2011, there had been no response. *Id.* At the March 10, 2011 case management conference, the court directed the parties to meet and confer to determine if they would stipulate to the filing of a second amended complaint. ECF No. 40. If no stipulation was agreed upon, TaiMed was directed to file a motion for leave to file a second amended complaint by April 7, 2011. *Id.* TaiMed did so. ECF No. 43. Given this time line, the court finds that TaiMed exhibited diligence in its handling of the new facts that gave rise to the proposed new cause of action.

As to the new factual allegations related to previously asserted claims, TaiMed claims that it discovered the new facts only recently through subsequent investigation and discovery. ECF No 43 at 5. Additionally, those allegations essentially refine the allegations in the previous complaint. Reply, ECF No. 47 at 6. The court finds good cause to permit the new factual allegations.

## B. Rule 15 Factors

Additionally, the Rule 15 factors warrant permitting TaiMed to file a second amended complaint because Numoda has not demonstrated that TaiMed's proposed amendment was submitted in bad faith, was unduly delayed, would prejudice Numoda, or would be futile.

### 1. Bad Faith

Numoda claims that TaiMed's proposed amendment is in bad faith because it is invalid and the allegations are false and solely designed to cast Numoda in a poor light. ECF No. 45 at 6. TaiMed argues that it is not acting in bad faith because its new factual allegations support its causes of action, came to light subsequent to the filing of the first amended complaint, and do not seek to add new or baseless legal theories. ECF No. 43 at 5. TaiMed further asserts that the new cause of action for attempted extortion is based on events that occurred after the filing of the first amended complaint and thus falls under Rule 15(d). *Id.* The truth or falsity of the allegations is not ascertainable by the court as this juncture and the court, as discussed below, finds that TaiMed's new cause of action is not invalid. Accordingly, this factor does not favor Numoda's opposition.

///

**2. Undue Delay**

Numoda claims that TaiMed delayed unduly in moving to amend its complaint because the discussion between Schaheen and Chang occurred on January 31, 2011, but TaiMed did not file the instant motion until April 7, 2011. ECF No. 45 at 7. The court rejects Numoda's argument. Numoda simply asserts that the two months constitutes undue delay but does not cite any authorities to support this proposition and does not provide any analysis as to why two months was too long or its negative impact on Numoda. *Cf. Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir.1991) (holding that an eight-month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable). And to the contrary, the court finds that the delay in this case does not constitute undue delay. TaiMed contacted Numoda on February 14, 2011 and alerted the court on March 8, 2011. ECF No. 39. Then, the court directed the parties on March 10, 2011 to meet and confer before the filing. In any event, a party attempting to assert a new claim based on a subsequent incident is entitled to some reasonable amount of time to research the facts and law following the incident, and Numoda raised no objection to the briefing schedule when the court set it.

As to the new factual allegations refining prior claims, again, TaiMed become aware of the new facts only recently through discovery and its own investigation. ECF No. 43 at 5 (noting, for example, TaiMed noted that at the end of March 2011, TaiMed was required to pay invoices for a subcontractor that had gone unpaid by Numoda).

**3. Prejudice to the Opposing Party**

Numoda claims that it will experience severe prejudice if the court permits TaiMed to file its proposed second amended complaint because Numoda will be required to file a new answer, propound additional written discovery, and delay taking depositions in order to fully address and defend against the new claims – all before the currently scheduled July 28, 2011 fact discovery deadline. ECF No. 45 at 6. TaiMed responds that the new allegations relate to the same factual subject matter as the current claims pending and have been recounted in TaiMed's case management statements and its settlement conference statement. ECF No. 43 at 5. Moreover, the case is still in the early stages with the parties having only started to exchange document requests and

1  interrogatories and not yet having taken any depositions. *Id.*

2  As a general rule, additional expense and discovery is insufficiently prejudicial to deny a
3  proposed amended complaint when the new facts came to light after the prior complaint was filed.
4  *See, e.g., Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 531 (N.D.Cal. 1989).
5  Additionally, having reviewed the proposed second amended complaint, the court finds that Numoda
6  will not suffer significant prejudice because the new factual allegations as to the existing claims do
7  not fundamentally change TaiMed's existing legal claims. *Cf. Morongo Band of Mission Indians v.*
8  *Rose*, 893 F2d 1074, 1079 (9th Cir. 1990) ("The new claims set forth in the amended complaint
9  would have greatly altered the nature of the litigation and would have required defendants to have
10 undertaken, at a late hour, an entirely new course of defense."). As to the new cause of action, it
11 arose out of the facts that occurred after the filing of the first amended complaint and are discussed
12 more fully below. As to prejudice, however, TaiMed gave notice of the claim when it learned of it,
13 and amended its complaint to add it on the scheduled directed by the court. The court finds no
14 prejudice from this timing.

15 **4. Futility of Amendment**

16 Numoda argues that the new factual allegations related to the existing claims are futile because
17 they do not add a new claim or defense. ECF No. 45 at 8. The one case cited for this proposition
18 discussed futility in the context of an additional cause of action and is inapposite. As to the new
19 factual allegations related to the existing claims, as discussed previously, they do not fundamentally
20 alter the claims. Accordingly, this factor does not favor Numoda's opposition.

21 Numoda also argues that the court should not allow the complaint to be amended to add a new
22 claim because if the claim is related to the contract, Pennsylvania law applies, and the new claim
23 fails to state a claim under Pennsylvania law. The court first analyzes whether Pennsylvania law
24 applies and concludes that it does not. Then, applying California law, the court finds that a claim for
25 civil extortion exists in California.

26     *a. Choice of Law*

27 The choice-of-law provision in the parties' Master Agreement provides that Pennsylvania law
28 governs the parties' contractual agreement. Thus, Numoda argues, if the court finds that the new

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT
C 10-03260 LB                                           6

1 claim is related to the contract, the new claim is futile because Pennsylvania law does not recognize
2 the tort of civil extortion. ECF No. 45 at 8.

3     A federal court sitting in diversity applies the choice-of-law rules of the forum to determine the
4 applicable substantive law. *Fields v. Legacy Health Systems*, 413 F.3d 943, 950 (9th Cir. 2005).
5 California, the forum state, ordinarily examines the scope of a choice-of-law provision in a contract
6 under the law designated in that contract. *Washington Mutual Bank, F.A. v. Superior Court*, 24
7 Cal.4th 906, 916 n.3 (Cal. 2001). In this case, Pennsylvania law is designated in the contract.
8 Master Agreement, Exh. D, ECF No. 46-4 at 14, ¶ 27. A "[n]arrow choice of law provision stating
9 that a contract's terms or enforcement are to be governed, or construed, by the laws of another state
10 are generally interpreted by Pennsylvania courts to relate only to the construction and interpretation
11 of the contract at issue." *Grimm v. Discover Fin. Serv.*, Civil Action Nos. 08-747, 08-832, 2008 WL
12 4821695 at *7 (W.D.Pa. Nov. 4, 2008); *Coram v. Healthcare Corp. v. Aetna U.S. Healthcare*, 94
13 F.Supp.2d 589, 594 (E.D.Pa.1999) (holding that, where the choice of law provision is not broadly
14 drafted to encompass tort claims with language such as "all matters," the plaintiff's fraud and
15 negligent misrepresentation claims were not subject to the contract's choice of law provision).

16     The choice-of-law provision in this case is narrowly drafted. First," this Agreement will set
17 forth the terms and conditions under which Numoda agrees to provide certain services to TaiMed."
18 Master Agreement, ECF No. 46-4 at 2. Thus, the Master Agreement, by its own terms, governs only
19 the contractual relationship between Numoda and TaiMed. Second,"this Agreement shall be
20 construed, governed, interpreted, and applied in accordance with the law of Pennsylvania, USA,
21 exclusive of its conflicts of law provisions." Master Agreement, Exh. D, ECF No. 46-4 at 14, ¶ 27.
22 Again, by its own terms, the scope of this choice-of-law provision is limited to the Master
23 Agreement, not all interactions between TaiMed and Numoda. In sum, although TaiMed's proffered
24 new claim may be factually related to the contractual relationship, and judicial economy is served by
25 hearing this claim with TaiMed's others, as a legal matter, the asserted civil extortion claim does
26 not depend on the contract or involve any interpretation of the contract. Instead, the contract
27 provides the incidental factual backdrop. Because the new tort claim arose out of occurrences in
28 California that are not governed by the contract's choice-of-law provision, the court analyzes the

new claim under California law.[3]

*b. Civil Extortion Claim Under California Law*

TaiMed argues that a civil cause of action for attempted extortion is recognized in California. ECF No. 43 at 8 (citing *St. Clair v. Nat'l Ass'n of Legislative Review*, No. C00-3106 MMC, 2001 WL 764914, *3 (N.D. Cal. June 26, 2001); *Monex Deposit Co. v. Gilliam*, 666 F. Supp. 2d 1135, 1137 (C.D. Cal. 2009)). TaiMed claims that Numoda's CEO verbally threatened to cause TaiMed unlawful injuries, to damage TaiMed's business reputation, and to falsely accuse Mr. Chang and another TaiMed employee of "deceiving" the FDA, all in an effort to coerce TaiMed into foregoing its legal rights and paying a large sum of money to Numoda. *Id.* Taimed further claims that Numoda's CEO's conduct caused TaiMed injury by forcing TaiMed to devote time and resources to address the threats. *Id.*

The court finds that California has long recognized a claim of civil extortion. *See, e.g.*, *Hisamatsu v. Niroula*, No. C-07-04371-JSW (EDL), 2009 WL 4456392, *5 (N.D. Cal. Oct. 22, 2009). And, despite Numoda's assertions to the contrary, the exact contours of this common law tort are not so strictly defined. The court in *Monex* declined to dismiss the plaintiff's claim for civil extortion based on its application of the following principle, which the California Supreme Court adopted from section 874A of the Restatement (Second) of Torts:

> When a legislative provision protects a class of persons by proscribing ... certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a ... new cause of action analogous to an existing tort action.

666 F.Supp.2d at 1137 (citing *Katzberg v. Regents of Univ. of Cal.*, 29 Cal.4th 300, 310 (2002)). The *Monex* court reasoned that the civil tort for extortion is derived from the crime of extortion and recognizing a claim for civil extortion furthered the purpose of California Penal Code section 523, regardless as to whether the plaintiff paid any money. *Id.* Likewise, the court finds that permitting

---

[3] Without further consideration – and, potentially, further briefing – the court does not further analyze or issue any holdings as to the substantive law that will govern interpretation of the contract claims.

1  TaiMed's proposed new cause of action to proceed furthers the goals of California Penal Code §

2  524, which prohibits "attempts, by means of any threat . . . to extort money or other property from

3  another" because TaiMed adequately alleged a threat made to coerce it to relinquish its legal claims.

4  Numoda argues that TaiMed cannot rely on California Penal Code § 523 because TaiMed does

5  not allege a threat communicated in writing. ECF No. 45 at 4-5. Numoda also argues that TaiMed

6  failed to identifiy a threat for money or property. *Id.* Finally Numoda argues that TaiMed cannot

7  rely on California Penal Code § 524 because it does not provide a private right of enforcement. For

8  the reasons stated above, the court rejects these arguments, at least for purposes of allowing TaiMed

9  to file an amended complaint with the new claim.

### 5. Whether Plaintiff Previously Amended the Complaint

TaiMed previously amended its complaint, which is a factor favoring Numoda's opposition. *See Mir v. Fosburg* , 646 F2d 342, 347, (9th Cir. 1980) (holding that the district court's discretion is especially broad "when the court has already given a plaintiff one or more opportunities to amend his complaint"). But, as TaiMed notes, Rule 15(d) provides the court with broad discretion to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." ECF No. 43 at 6 (citing Fed. R. Civ. P. 15(d). Additionally, as TaiMed argues, supplemental pleadings may contain new parties and causes of action based on events occurring after the filing of the original pleading. *Id.* (citing *Keith v. Volpe*, 858 F.2d 467, 475 (9th Cir. 1988) ("[N]ew claims, new parties, and events occurring after the original action are all properly permitted under Fed. R. Civ. P. 15(d)."). Finally, permitting TaiMed to add the new cause of action will enable the court to "award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *Keith*, 858 F.2d at 473.

### C. **Rule 8(a) Considerations**

Numoda appears to argue that TaiMed's proposed new allegations should be denied because Rule 8 of the Federal Rules of Procedure only requires a short statement of facts. ECF No. 45 at 7-8. The authority cited by Numoda does not provide any applicable analysis or guidance. While a court may dismiss an overly verbose, confused, or redundant complaint, TaiMed's proposed second

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1 amended complaint does not dramatically add to the length of the complaint and does not render it
2 unclear or burdensome to respond to. *Cf. Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 675
3 (9th Cir.1981) (affirming dismissal of action where complaint was "verbose, confusing and almost
4 entirely conclusory" and 47 pages with addenda)*; Corcoran v. Yorty*, 347 F.2d 222, 223 (9th
5 Cir.1965) (affirming dismissal without leave to amend of second complaint that was "so verbose,
6 confused and redundant that its true substance, if any, [was] well disguised").

## IV.  CONCLUSION

For the foregoing reasons, the court **GRANTS** TaiMed's motion for leave to file a second amended complaint.  The court **ORDERS** TaiMed to file its second amended complaint by May 2, 2011.

This disposes of ECF No. 41.

**IT IS SO ORDERED.**

Dated: April 28, 2011

_____
LAUREL BEELER
United States Magistrate Judge